IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States v. Taming Ting Jr.*
Case No. 3:16-cr-00113-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Taming Ting Jr.'s "Motion for Judicial Recommendation for Transfer to Residential Reentry Center or Home Confinement" (the "Motion").[1] Ting requests that the Court recommend that the Bureau of Prisons ("BOP") place him in a residential reentry center or home confinement for the remainder of his sentence, which is approximately eleven months.[2] The Government has not filed any response to the Motion. The U.S. Probation Office has reviewed the Motion and filed a sealed report and recommendation.[3]

On May 23, 2017, this Court sentenced Ting to 70 months of imprisonment to be followed by five years of supervised release after he pleaded guilty to Possession of a Controlled Substance (Heroin and Methamphetamine) with Intent to Distribute and Felon in Possession of a Firearm.[4] Ting is housed at the Nevada Southern Detention Center (NSDC), a private facility under contract with the U.S. Marshals Service.[5] Ting's estimated release date is June 8, 2021.[6] Ting argues that the danger posed by the COVID-19 pandemic justify his placement in a reentry center or release to home confinement.[7] At the time of filing, Ting asserted that he was sick but had not been seen by medical staff or tested for COVID-19.[8] NSDC has not publicly reported how may inmates have contracted COVID-19.

Ting seeks a judicial recommendation pursuant to "the Second Chance Act ("SCA"), the First Step Act ("FSA"), the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and Attorney General Barr's Memoranda regarding Prioritization of Home Confinement."[9] Of those authorities, only the SCA authorizes or contemplates the recommendation of the sentencing court as a factor to be considered by the BOP.[10] Congress delegated authority to the BOP to ultimately

---

[1] Dkt. 47 (Motion).
[2] *Id.* at 1–2.
[3] Dkt. 48 (USPO Report)
[4] Dkts. 33 (Minute Entry); 44 (Judgment).
[5] Dkt. 48 at 1.
[6] *Id.*
[7] Dkt. 47 at 6–11.
[8] *Id.* at 8.
[9] *Id.* at 1.
[10] 18 U.S.C. § 3621(b).

1

decide where to place federal inmates after entry of judgment.[11] The Second Chance Act directs BOP, "to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."[12] "Such conditions may include a community correctional facility."[13] However, the Second Chance Act does not require that the BOP place a particular inmate in a residential reentry center or home confinement, and while the Court may make a recommendation for placement, "a district court's recommendation to the [BOP] is just that—a recommendation."[14]

In considering Ting's request pursuant to the Second Chance Act, the Court has carefully reviewed Ting's Motion, the U.S. Probation Office's report and recommendation, and the various materials the Court relied on during imposition of sentence.[15] Ting's underlying federal offense was serious. Ting was driving from Anchorage to Valdez in possession of a firearm, 12.61 grams of 96% pure methamphetamine, and 37 grams of heroin.[16] When a law enforcement officer attempted to conduct a traffic stop, Ting initially fled in his vehicle but was later pinned by multiple police vehicles and taken into custody.[17] The sentence imposed by this Court was intended to deter Ting from future criminal conduct and also give him the tools to be successful after his release.[18] The Court is persuaded that Ting would benefit from the structured environment of a residential reentry center prior to his release from custody.

Accordingly, the Motion at docket 47 is **GRANTED** in part and **DENIED** in part. The Court **HEREBY RECOMMENDS** that Ting be placed in a residential reentry center as soon as possible.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: July 30, 2020

---

[11] *Id.* Congress has given the Attorney General, and by designation the BOP, exclusive authority to determine custody placements including home confinement. *Reeb v. Thomas*, 636 F.3d 1224, 1226-28 (9th Cir. 2011).
[12] Pub. L. 110– 199, § 251, codified at 18 U.S.C. § 3624(c)(1).
[13] *Id.*
[14] *United States v. Cebellos*, 671 F.3d 852, 855 (9th Cir. 2011).
[15] Dkts. 47; 48; 27 (Final PSR); 28 (Ting's Sentencing Memo); 30 (Government Sentencing Memo); 46 (Imposition of Sentence Transcript).
[16] Dkt. 27 at 9.
[17] *Id.*
[18] Dkt. 46 at 30–32.